# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 6:14CR13-3 |
| | § | |
| MICHAEL WAYNE CHRISTOPHER (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 21, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

Michael Wayne Christopher was sentenced on October 28, 2014, before The Honorable U.S. District Judge Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Michael Wayne Christopher was subsequently sentenced to 78 months of imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100 special assessment (Paid). On March 30, 2018, Michael Wayne Christopher completed his period of imprisonment and began service of the supervision term. On January 4, 2016, an order regarding motion for sentencing reduction was granted

pursuant to 18 U.S.C. 3582(c)(2), reducing the incarceration term from 78 months to 60 months. This case has been reassigned to U.S. District Judge Robert W. Schroeder, III.

On April 13, 2018, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 315, Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and (2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

The Petition alleges that Defendant committed the following acts: (1) Mr. Christopher was released from federal custody on March 30, 2018, and he failed to report to the probation office within 72 hours of release. His current whereabouts are unknown; and (2) Mr. Christopher failed to report to the probation officer as instructed on Tuesday, April 13, 2018, at 4:00pm.

Prior to the Government putting on its case, Defendant entered a plea of true to both allegations of the Petition. Having considered the Petition and the plea of true to allegations one (1) and two (2) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends the Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with 36 months of supervised release to follow. The Court finds the special conditions originally imposed by the Court are still relevant and

recommends such conditions be reimposed as follows:

(1) You must provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment.

(2) You must not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

(3) You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

(4) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

(5) You must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. Due to possible homeless status and to further assist with pre-release planning, subsistence is waived.

(6) The defendant shall participate in workforce development programs or other related services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

The Court also recommends that Defendant be housed in FCI LaTuna, if appropriate.

**SIGNED this 26th day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE